IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02081-WYD-KLM

NELSON STONE, M.D., individually and on behalf of all other similarly situated, and STONE FAMILY, LLC, a New York limited liability company, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

VAIL RESORTS DEVELOPMENT COMPANY, a Colorado corporation, and ARRABELLE AT VAIL SQUARE, LLC, a limited liability company,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Stay Pending Determination of Motion to Compel Arbitration** [Docket No. 17; Filed November 19, 2009] ("Motion No. 17") and **Defendants' Motion for Extension of Time to Respond to Plaintiffs' First Set of Written Discovery to Defendants** [Docket No. 20; Filed November 25, 2009] ("Motion No. 20").

In Motion No. 17, Defendants request that the Court stay this action pending a ruling on their Motion to Compel Arbitration [Docket No. 16]. For the reasons set forth below, IT IS HEREBY **ORDERED** that Motion No. 17 is **GRANTED.**

A stay of discovery is generally disfavored in this district. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2. 2007) (citation omitted). However, a stay may be appropriate in certain circumstances. The Court weighs several factors when evaluating the propriety of a stay. *See String Cheese*

*Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at * 2 (D.Colo. Mar. 30, 2006) (describing five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.* Here, these factors weigh in favor of the entry of a stay.

First, Plaintiffs object to any stay of proceedings, arguing that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. In their reply, Defendants point out that the parties' dispute centers on language in publicly-filed documents and any statements witnesses may remember will be irrelevant. A review of the Complaint [Docket No. 1] reveals that Defendants' argument has merit: Plaintiffs' claims turn primarily on the import of a variety of documents and Defendants' alleged failure to disclose certain facts about parking at a resort property in Vail, not on witness recollections. The Court is persuaded that Plaintiffs' ability to litigate their case is not likely to be irreparably harmed by a stay. Plaintiffs' argument is vague; they have provided no specific examples of how their ability to conduct discovery might be adversely affected by a stay. Plaintiffs do not clarify what as-yet-undiscovered documents are important or offer any support for their contention that they might be destroyed. Plaintiffs' argument is further undermined by the temporary nature of the stay requested. *See Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *2 (D. Colo. April 6, 2007) (finding no undue prejudice to plaintiff where stay does not "hinder . . . future ability to fully engage in discovery"). Plaintiffs do have a general interest in their case proceeding expeditiously. However, this general interest is not sufficient to overcome other factors that weigh in favor

of a stay.

Second, Defendants contend that they will be unduly burdened by the lack of a stay because according to the terms of the arbitration agreement at issue, any class-action claims against Defendant Arrabelle at Vail Square, LLC ("Arrabelle") are prohibited. *Condominium Declaration*, Docket No. 16, Exhibit A, at § 7.5(f).  Plaintiffs maintain that Defendants face only the ordinary burdens of litigation and not any undue burden.

While Plaintiffs are correct that the ordinary burdens associated with litigating a case do not constitute undue burden, *see Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008), complying with Plaintiffs' discovery requests would impose on Defendants more than the ordinary burdens of litigation.  Plaintiffs seek discovery regarding their class-action claims, which involve up to sixty-six individuals.  *Complaint*, Docket No. 1 at ¶ 4.  Discovery as to those claims is likely to be significant.  And, because the arbitration agreement apparently prohibits class actions, substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources.  *See Schmaltz v. Smithkline Beecham Corp.*, No. 08-cv-00119-WDM-MEH, 2008 WL 3845260, at *1-2 (D. Colo. Aug. 15, 2008) (staying discovery only as to class claims upon finding that Defendant "demonstrated that significant discovery may be necessary for class claims that would otherwise be irrelevant").

Furthermore, should arbitration be ordered by the Court, discovery even on Plaintiffs' individual claims is limited by the arbitration agreement.  *See Arbitration Rules*, Docket No. 16, Exhibit E, at ¶ 11 ("No formal discovery shall be conducted in the absence of order of the Arbitrator or express written agreement among all the Parties.").  Given this discrepancy in the discovery that would take place should the instant Motion be denied and

the discovery likely to take place should the Motion to Compel Arbitration be granted, the Court concludes that Defendants would suffer an undue burden if discovery proceeds in the interim. *See Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV-GLR, 2008 WL 687014, at *1 (D. Kan. March 10, 2008) (finding stay of discovery appropriate "where discovery on all issues of the broad complaint would be wasteful and burdensome"); *General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 5101341, at *3 (D.Colo. Nov. 26, 2008) (noting that in considering motion to stay discovery, court should consider "the breadth of discovery sought and the burden of responding to it") (citations omitted); *Namoko*, 2007 WL 1063564, at *2 (reasoning in part that stay appropriate because "discovery requested by Plaintiff is not related to Defendant's dispositive motion and is, therefore, unnecessary for the resolution of that motion"); *see also Mundi v. Union Sec. Life Ins. Co.*, No. CV-F-06-1493, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (finding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

The Court also considers its own convenience, the interest of non-parties, and the public interest in general. The Court can be inconvenienced by an ill-advised stay, as the resulting delay makes the Court's docket less predictable and, hence, less manageable. A stay is particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed. Where a pending motion may dispose of an action, however, a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed. Thus, despite this district's general policy disfavoring a complete stay of discovery, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Benge v. Pounds*, No. 07-cv-01849-

REB-MEH, 2008 WL 163038, at *1 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see also General Steel*, 2008 WL 5101341, at *7-8 (considering strength of pending motion to dismiss all claims in complex civil action with multiple defendants and determining that low likelihood of success on motion weighed in favor of denying stay)*; Namoko*, 2007 WL 1063564, at *1 (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party") (citations omitted)).

Here, it is not clear whether the Motion to Compel Arbitration could dispose of this action. The Court takes no position on Defendants' Motion to Compel Arbitration except to note that Plaintiffs do not deny the existence of the arbitration agreement or argue that they need discovery in order to oppose the Motion. *Cf. Kerr*, 2008 WL 687014, at *1 (denying motion to stay pending resolution of motion to compel arbitration where plaintiff denied signing any agreement to arbitrate and additional discovery was necessary on that issue). While the parties agree that Defendant Vail Resorts Development Company ("VRDC") was not a party to the arbitration agreement at issue, they disagree as to the impact this fact has on whether all claims will be stayed if Defendants prevail on their Motion to Compel Arbitration. Defendants, citing *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, make a reasonable argument that should the Court grant the Motion to Compel Arbitration, it should also stay all claims against VRDC. *See Chelsea Family Pharmacy*, 567 F.3d 1191, 1196 (10th Cir. 2009) (noting that even where all claims not within scope of arbitration agreement, "[s]tay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim or when 'the arbitrable claims predominate the lawsuit and the nonarbitrable claims

are of questionable merit" (quoting *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998)).   It is clear, however, that should the Motion to Compel Arbitration be granted and all claims stayed, this Court will have expended resources managing a complex class-action suit unnecessarily.  As this result is not unlikely and would be a significant waste of judicial resources, the Court's interest in judicial economy weighs in favor of granting the stay.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F.Supp. 2d 1277, 1280 (D.Colo. 2004) (citing interest of judicial economy as reason to grant stay pending decision on motion to compel arbitration).

Plaintiffs do not identify any non-parties as having an interest in this matter, and the general public interest weighs in favor of a stay.  "There is a strong federal policy favoring arbitration for dispute resolution."  *Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.*, 176 F.Supp. 2d 1091, 1095 (D. Colo. 2001).  Allowing extensive discovery on claims in a broad complaint while the Court resolves a motion to compel arbitration could undermine that policy.  In addition, the Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration.  *See* C.R.S. § 13-22-207(6) ("[I]f a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section.").

Balancing the five factors here considered, the Court concludes that a stay of proceedings is appropriate.  Plaintiffs are correct that, pursuant to 9 U.S.C. § 3, a stay of proceedings is required only after the Court's decision to compel arbitration.  However, even though a stay is not required here, the Court may nevertheless impose one, as "[t]he

decision to . . . stay discovery rests within the sound discretion of the trial court." *Benge v. Pounds*, 2008 WL 163038, at *1 (D. Colo. Jan. 14, 2008) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)). The Court, exercising that discretion, grants Defendants' Motion and imposes a stay of proceedings until the Court resolves Defendants' Motion to Compel Arbitration.

IT IS **FURTHER ORDERED** that Motion No. 20 is **DENIED as moot**. Defendants request a 10-day extension of time from the date on which the Court rules on their Motion to Stay [Docket No. 17] and Plaintiffs oppose the request [Docket No. 24]. As this Court has now ordered a stay of all discovery pending resolution of the Motion to Compel Arbitration, the relief requested in Motion No. 20 is no longer required.

IT IS **FURTHER ORDERED** that upon the resolution of the Defendants' Motion to Compel Arbitration, the parties are directed to file a Joint Status Report, indicating whether a second Scheduling Conference should be set in this matter and proposing dates for any necessary conference.

DATED: January 7, 2010 at Denver, Colorado.

                                          BY THE COURT:

                                           s/ Kristen L. Mix
                                          Kristen L. Mix
                                          United States Magistrate Judge