IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02081-WYD-KLM

NELSON STONE, M.D.; and
STONE FAMILY LLC, a New York limited liability company, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

VAIL RESORTS DEVELOPMENT COMPANY, a Colorado corporation; and
ARRABELLE AT VAIL SQUARE, LLC, a Colorado limited liability company,

    Defendants.

## ORDER

THIS MATTER is before me on Plaintiffs' Motion to Reopen (ECF No. 63), filed June 22, 2012.  Defendants filed a response and the Plaintiffs filed a reply in support of the motion.  After carefully considering the motion, response, and reply, I deny the motion.

By way of background, on July 1, 2010, I granted the Defendants' Motion to Compel Arbitration.  In a detailed Order addressing the merits of the parties' opposing arguments, I found that an enforceable arbitration agreement exists between the parties and that Plaintiffs' claims are subject to arbitration.  (Order Compelling Arbitration, ECF No. 30)[1].  I also ordered the parties to proceed with arbitration in accordance with the Declaration's arbitration clause, stating that this Court shall retain jurisdiction until

---

[1] My Order contains a detailed recitation of the relevant background of this case. and is incorporated by reference herein.

arbitration has been completed.  Finally, since the length of the arbitration process is uncertain, I administratively closed this action pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown.  The parties were put on notice that if no action was taken to reopen this case before May 1, 2011, the case would be dismissed without prejudice without any further notice to either party.  (Order Compelling Arbitration).

Instead of proceeding with arbitration, the parties engaged in two years of detailed settlement negotiations, which proved unsuccessful.[2]  However, after the settlement discussions broke down, rather than comply with my July 1, 2010 Order Compelling Arbitration, the Plaintiff filed the pending motion, asking that this case be reopened "for further judicial proceedings."  (Mot. at 15, ECF No. 63).  Essentially, Plaintiff asks that I reconsider my Order Compelling Arbitration and permit this case to proceed with litigation in this Court.

D.C.COLO.LCivR 41.2 provides that "[a] district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause shown."  With respect to reconsideration, there are three major grounds that justify such relief:  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp.*, 57 F.3d at 944.  "Thus, a motion for reconsideration is

---

[2] Throughout the course of the settlement negotiations, the parties repeatedly moved to continue the deadline to reopen this case, which I granted.

appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In the present motion, Plaintiffs first claim that arbitration cannot proceed because neither the specific arbitration service named in the Declaration nor its successor are available to arbitrate this dispute. I note that this issue was previously raised more than two years ago in connection with the Defendants' Motion to Compel. Defendants briefed this issue and argued why it was not grounds to invalidate the arbitration agreement. Plaintiffs failed to acknowledge or respond to this argument, and I ultimately found the arbitration agreement to be enforceable and ordered the parties to proceed to arbitration. Second, Plaintiffs assert that the exact same arbitration language I found to be enforceable in 2010 has now somehow become "unconscionable." Again, this argument was never raised in connection with the briefing on the original Motion to Compel Arbitration, and there have been no changes to the arbitration provision or the controlling law. Finally, without citing any authority, Plaintiffs argue that a Colorado state district court's partial summary judgment ruling (in a case not involving the Plaintiffs) somehow impacts my 2010 Order Compelling Arbitration. After reviewing the state court decision in *Arrabelle at Vail Square Residential Condominium Assoc., Inc. v. Arrabelle at Vail Square, LLC and Vail Resorts Dev. Co.*, Case No.: 2009 CV 320, I find that it does not reflect a change in the law relevant to this case. Notably, the order granting partial summary judgment has nothing to do with

arbitration. Instead, the issue before the state district court was whether the Arabelle project meets the definition of a "small planned community" under the Colorado Common Interest Ownership Act.

Accordingly, I find that Plaintiffs have failed to show good cause to reopen this case. Further, Plaintiffs have not shown any basis for the Court to reconsider its previous rulings compelling arbitration and administratively closing this case pending resolution of the arbitration process.

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion to Reopen (ECF No. 63) is **DENIED.** It is

FURTHER ORDERED that the terms of my Order Compelling Arbitration (ECF No. 30), filed July 1, 2010, **SHALL REMAIN** in full force and effect. It is

FURTHER ORDERED that pursuant to D.C.COLO.LCivR 41.2, this case shall remain administratively closed. **If no action is taken to reopen this case before November 1, 2013, the case will be dismissed without prejudice without any further notice to either party.**

Dated: December 20, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge